UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEFFREY M. SIMONEAUX

VERSUS

E.I. DU PONT DE NEMOURS
AND COMPANY

CIVIL ACTION

NO. 11-506-JJB-SCR

**RULING ON MOTION *IN LIMINE***

This matter is before the court on the Defendant E.I. du Pont de Nemours and Company's Motion (doc. 41) *in Limine* to Limit Evidence Regarding Alleged Damages. Plaintiff Jeffrey M. Simoneaux has opposed the motion. (Doc. 45). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary.

In its motions, the defendant seeks a time-period limitation on the plaintiff's arguments, evidence, and testimony regarding the alleged damages resulting from the plaintiff not being promoted to a supervisory position. The defendant wants to limit such arguments, evidence, and testimony regarding front pay damages to a period of five years, based on its belief that the Fifth Circuit limits front pay damages to only five years. Upon review, the court finds that the Fifth Circuit has not provided such a limitation.

In *Deloach v. Delchamps, Inc.*, the Fifth Circuit did not set a five-year limitation, contrary to what the defendant contends. 897 F.2d 815. Rather, the Fifth Circuit looked at the facts of that particular case and found that front pay damages for a period of five years was appropriate. *See id.* at 822. Accordingly, a district court can award front pay damages for any amount of time that it deems appropriate based on a consideration of relevant factors. As there does not appear to be any five-year limitation, this Court refuses to limit the plaintiff's evidence, arguments, or testimony to such a period.

1

Nonetheless, it must be emphasized that the court is neither holding nor otherwise suggesting that it will make an award of front pay damages for any particular period of time. The present ruling merely provides that the plaintiff will not be limited to a five-year period in his presentation of evidence, testimony, and arguments.

Therefore, for the reasons stated, the court **DENIES** the Motion (doc. 41) *in Limine* to Limit Evidence Regarding Alleged Damages.

Signed in Baton Rouge, Louisiana, on January 16, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**